IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TERRENCE PERRY,

    Petitioner,

v.                        CASE NO. 1:11-cv-2552-RBP-PWG

JOHN T. RATHMAN, et al.,

    Defendants.

## MEMORANDUM OPINION

    This habeas action was filed by Terrence Perry (the "petitioner" or "Perry") pursuant to 28 U.S.C. § 2241. Petitioner claims that his Fifth Amendment, Eighth Amendment and Due Process rights have been violated during his stay at the Federal Correctional Institution in Talladega, AL.

    On December 16, 2009, Perry was sentenced in the D.C. Superior Court to an 18-month term of incarceration followed by five years supervised release. Perry was incarcerated at the Federal Correctional Institution in Talladega, AL ("FCI Talladega"). (Doc. 6-1 at 3). On July 30, 2010, a disturbance occurred on the institution compound, which involved 49 inmates from the general population but appeared to be between two groups of inmates. (Docs. 6-2, 6-3 at ¶ 3). Once the institution was secured, it was placed on "lockdown" status; one group of the inmates involved were placed in the Special Housing Unit ("SHU") on Administrative Detention Status. (*Id.*). An investigation was conducted and Perry was identified as one of the inmates present during the incident, although he had no idea the altercation was going to take place. (Docs. 6-2, 6-3 at ¶ 4). Perry was not identified as a direct participant, nor was he given a status report. (*Id*).

It was determined that due to on-going hostility, the two groups of inmates should remain in administrative detention until their release or transfer. (Doc. 6-3 at ¶ 5). Perry had a halfway house release date of October 20, 2010, and a good conduct time release date of February 20, 2011. (Docs. 6-6, 6-7, 6-3 at ¶ 6). He was considered for a transfer, but since he was scheduled to be released shortly, it was determined that he should remain at FCI Talladega pending his release to the halfway house. (Doc. 6-3 at ¶ 6).

These plans changed when FCI Talladega was notified in early October 2010 that the U.S. Parole Commission ("USPC") decided to lodge a detainer on Perry based on his conviction. Docs. 6-7, 6-8, 6-3 at ¶ 7. Based on the detainer, the halfway house placement was removed. (*Id.*) On February 2, 2011, FCI Talladega received an expedited revocation proposal for the petitioner, which would allow the petitioner to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. (Docs. 6-9, 6-3 at ¶ 7). Perry accepted the expedited revocation proposal; the USPC revoked the petitioner's term of supervised release and imposed a new term of imprisonment of 12 months from the date the warrant was executed. (Docs. 6-11, 6-3 at ¶ 7).

Based on the USPC decision, petitioner was given a new halfway house release date of December 7, 2011, and a full term release date of March 5, 2012. (Docs. 6-12, 6-3 at ¶ 8). FCI Talladega requested additional halfway house time for Perry on June 9, 2011, but the request was denied due to bed-space limitations. (Docs. 6-13, 6-3 at ¶ 8). Due to Perry's relatively short time left on his sentence prior to his new halfway house release date, transfer to another institution from SHU was not feasible. (Doc. 6-3 at ¶ 8). Perry was kept in SHU pending a hearing before the Discipline Hearing Officer, following an August 30, 2011 incident. (Doc. 6-14, 6-3 at ¶ 9).

Scott filed this petition, raising the following claims: that he is being denied due process

by being held in SHU since July 30, 2010, without an incident report or hearing (Doc. 1 at ¶¶ 10a, 10b); that SHU is infested with roaches and staff are not doing adequate treatments or providing cleaning supplies (Doc. 1 at ¶ 10c); that he is unable to obtain legal copies from TRULINKS in the law library because there is no default printer and staff will not assist him (Doc. 1at ¶ 10d).

According to the United States Attorney's Office and the Bureau of Prisons website, petitioner has since completed his term of incarceration and was released on March 5, 2012. Petitioner's objective in filing his petition was to be released from SHU and obtain legal copies of TRULINKS in the prison law library. Furthermore, although petitioner may still be serving a term of supervised release, no claim made in his petition could alter the supervised release portion of his sentence. Therefore, the issues presented in this case are moot, as the court can no longer provide petitioner meaningful relief. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief'"). Accordingly, this matter is due to be dismissed. *See Villegas v. Bureau of Prisons*, 2011 WL 6371424 (M.D. Ala. Nov. 11, 2011).

For the reasons stated above, the petition for habeas corpus is due to be DISMISSED WITHOUT PREJUDICE. A separate final order will be entered.

As to the foregoing it is SO ORDERED this the 5th day of June, 2012.

_/s/ Robert B. Propst_
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**